NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD FRANK FIDGE, | No. 15-17000 |
| Plaintiff-Appellant, | D.C. No. 4:13-cv-05182-YGR |
| v. | |
| LAKE COUNTY SHERIFF'S DEPARTMENT, AKA Lake County Sheriff's Office; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted March 8, 2017**

Before:      LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Ronald Frank Fidge appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging constitutional claims arising out

of his arrest for trespassing.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Fidge's requests for oral argument, set forth in his opening and reply briefs, are denied.

review de novo. *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Summary judgment for Deputy Wright on Fidge's unlawful arrest claim was proper because Fidge failed to raise a genuine dispute of material fact as to whether Wright arrested him without probable cause. *See United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984) (probable cause for a warrantless arrest exists if "under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime").

The district court properly granted summary judgment for Gaskell, Hardester, and Harper on Fidge's unlawful arrest claim because Fidge failed to raise a genuine dispute of material fact as to whether these defendants acted under the color of state law. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989) (en banc) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights."); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (to establish § 1983 liability, a plaintiff must demonstrate that an action occurred under color of state law and resulted in the deprivation of a constitutional right).

15-17000

To the extent that Fidge challenges summary judgment for Deputy Wright on Fidge's excessive force claim, the district court properly granted summary judgment because Fidge failed to raise a genuine dispute of material fact as to whether Deputy Wright's use of less-lethal force to effectuate Fidge's arrest violated Fidge's Fourth Amendment rights. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (explaining that the test of reasonableness under the Fourth Amendment requires "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, [and] whether . . . [the arrestee] is actively resisting arrest . . . .").

To the extent that Fidge alleges a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), summary judgment was proper because Fidge failed to raise a genuine dispute of material fact as to whether there was any underlying constitutional violation or whether actions were taken pursuant to established custom or policy. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*Monell* liability is unavailable "[i]f a person has suffered no constitutional injury at the hands of the individual police officer[.]"); *Henry v. County of Shasta*, 132 F.3d 512, 517 (9th Cir. 1997) (municipal defendant can only be liable under § 1983 if actions were taken pursuant to custom or policy).

Dismissal of Fidge's false imprisonment claim against Lake County was proper because the district court granted summary judgment for Deputy Wright on

3                                                                      15-17000

this claim. *See Cameron v. Craig*, 713 F.3d 1012, 1023-24 (9th Cir. 2013) (county is vicariously liable if a plaintiff prevails on a state law claim against a county employee).

We reject as without merit Fidge's contention that the district court improperly considered hearsay evidence submitted by defendants in support of their motions for summary judgment.

Contrary to Fidge's contention, the record reflects that the district court considered Fidge's evidence submitted in opposition to summary judgment.

We reject as unsupported by the record Fidge's contentions regarding alleged judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Fidge's motion to take judicial notice of documents (Docket Entry No. 45) is denied.

Fidge's request for reassignment of the district court judge, set forth in his opening brief, is denied.

**AFFIRMED.**